IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| LILIANA C. VITULLO<br><br>and<br><br>JULIO A. VITULLO,<br><br>    Plaintiffs<br><br>v.<br><br>DANIEL J. MANCINI, d/b/a<br>Mancini & Associates,<br><br>and<br><br>GREEN TREE SERVICING, LLC<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 1:09 cv 614 TSE/JFA<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

SECOND AMENDED COMPLAINT

Plaintiffs Liliana C. Vitullo ("Vitullo") and Julio A. Vitullo, by their undersigned counsel, bring this action against Defendants Daniel J. Mancini, d/b/a Mancini & Associates ("Mancini") and Green Tree Servicing, LLC ("Green Tree"), and for their amended complaint in this action state as follows:

    1.    This Court has jurisdiction of this case under 15 U.S.C. § 1692k and 28 U.S.C. § 1331.

    2.    Plaintiffs (individuals) are residents of Loudoun County, Virginia, as they were at the time of Defendant Mancini's actions as alleged herein.

    3.    Defendant Mancini is an attorney who maintains his office at 201A Fairview Drive in Monaca, Pennsylvania, and does business under the name of Mancini & Associates.

4. Defendant Mancini regularly collects or attempts to collect debts owed or due or asserted to be owed or due another by consumers to pay money arising out of transactions in which the money, property, insurance, or services which are the subject of the transactions are primarily for personal, family, or household purposes.

5. Defendant Mancini regularly uses the mails and other instrumentalities of interstate commerce in his collection of or attempts to collect debts owed or due or asserted to be owed or due another by consumers.

6. Defendant Green Tree is a Delaware limited liability company that does business in Virginia and has its principal place of business at 300 Landmark Towers, 345 St. Peter Street in St. Paul, Minnesota.

COUNT I
15 U.S.C. § 1692g(2)
Against Defendant Mancini

7. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 6 as if the same were fully set forth herein.

8. On or about June 2, 2008, Defendant Mancini sent to Liliana Vitullo a document entitled "Pre-Foreclosure/Right to Cure", and a true and correct copy of that document is attached hereto as Exhibit A.

9. The debt that Defendant sought to collect from Liliana Vitullo through the June 2 letter attached as Exhibit A was one for a home that she had purchased for her personal use.

10. The June 2 letter was the initial communication from Defendant to Liliana Vitullo.

11.     Defendant failed within five days after the June 2 letter to send Liliana Vitullo a written notice stating the name of the creditor to whom the debt was owed.

## COUNT II
## 15 U.S.C. § 1692g(3)
## Against Defendant Mancini

12.     Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 11 as if the same were fully set forth herein.

13.     Defendant Mancini failed within five days after sending the June 2 letter to send Liliana Vitullo a written notice stating that Defendant would assume the debt to be valid unless she, within thirty days after receiving the notice, disputed the validity of the debt or any portion thereof.

## COUNT III
## 15 U.S.C. § 1692g(4)
## Against Defendant Mancini

14.     Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 13 as if the same were fully set forth herein.

15.     Defendant failed within five days after the June 2 letter to send Liliana Vitullo a written notice stating that if she, within thirty days after receipt of the notice, notified Defendant that the debt or any portion thereof was disputed, then Defendant would obtain verification of the debt and mail a copy of such verification to her.

## COUNT IV
## 15 U.S.C. § 1692g(5)
## Against Defendant Mancini

16.     Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 15 as if the same were fully set forth herein.

17. Defendant failed within five days after the June 2 letter to send Liliana Vitullo a written notice stating that if she, within thirty days after receipt of the notice, requested in writing the name of the original creditor, Defendant would provide her with the name and address of the original creditor if different from the current creditor.

## COUNT V
## 15 U.S.C. § 1692g(2)
### Against Defendant Mancini

18. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 6 as if the same were fully set forth herein.

19. On or about June 16, 2008, Defendant Mancini sent to Julio Vitullo a document entitled "Pre-Foreclosure/Right to Cure", and a true and correct copy of that document is attached to Defendant Mancini's Motion to Dismiss in this action and is incorporated herein by reference under Fed. R. Civ. P. 10(c).

20. The debt that Defendant sought to collect from Julio Vitullo through the June 16 letter was one for a home that Liliana Vitullo purchased for her personal use.

21. The June 16 letter was the initial communication from Defendant to Julio Vitullo.

22. Defendant failed within five days after the June 16 letter to send Julio Vitullo a written notice stating the name of the creditor to whom the debt was owed.

## COUNT VI
## 15 U.S.C. § 1692g(3)
### Against Defendant Mancini

23. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 6 and 18 through 22 as if the same were fully set forth herein.

24. Defendant Mancini failed within five days after sending the June 16 letter to send Julio Vitullo a written notice stating that Defendant would assume the debt to be valid unless he, within thirty days after receiving the notice, disputed the validity of the debt or any portion thereof.

COUNT VII
15 U.S.C. § 1692g(4)
Against Defendant Mancini

25. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 6 and 18 through 24 as if the same were fully set forth herein.

26. Defendant failed within five days after the June 16 letter to send Julio Vitullo a written notice stating that if he, within thirty days after receipt of the notice, notified Defendant that the debt or any portion thereof was disputed, then Defendant would obtain verification of the debt and mail a copy of such verification to him.

COUNT VIII
15 U.S.C. § 1692g(5)
Against Defendant Mancini

27. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 6 and 18 through 26 as if the same were fully set forth herein.

28. Defendant failed within five days after the June 16 letter to send Julio Vitullo a written notice stating that if he, within thirty days after receipt of the notice, requested in writing the name of the original creditor, Defendant would provide the name and address of the original creditor if different from the current creditor.

## COUNT IX
## 15 U.S.C. § 1692e
## Against Defendant Mancini

29. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 6 and 18 through 28 as if the same were fully set forth herein.

30. The June 16 letter from Defendant to Julio Vitullo states that Julio Vitullo executed a note secured by property at River Road Capon Bridge in West Virginia and signed a promissory note secured by a deed of trust for the benefit of IndyMac Bank, FSB.

31. These statements were false inasmuch as to Julio Vitullo had never executed any such note.

## COUNT X
## 15 U.S.C. § 1692e
## Against Defendant Mancini

32. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 6 and 18 through 31 as if the same were fully set forth herein.

33. The June 16 letter from Defendant to Julio Vitullo states that Julio Vitullo is in default in the payments secured by a deed of trust on the River Road Capon Bridge property.

34. These statements were false inasmuch as to Julio Vitullo was not in default on any payments secured by a deed of trust on the River Road Capon Bridge property since he had no obligation to make any such payments.

COUNT XI
15 U.S.C. § 1692g(b)
Against Defendant Mancini

35. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 17 as if the same were fully set forth herein.

36. On June 20, 2008, counsel for Liliana Vitullo sent Defendant a letter disputing the debt mentioned in Defendant's letter of June 2, 2009 to her and requesting the name and address of the original creditor.

37. After receiving the June 20, 2008 letter, Defendant never provided verification of the debt or the name and address of the original creditor.

38. Even though Defendant failed to provide verification of the debt or the name and address of the original creditor after having received the dispute letter, he sent Liliana Vitullo a letter dated August 29, 2008, and in that letter threatened to conduct a foreclosure sale on her property unless she made payment of the debt for which Defendant had demanded payment from her.

COUNT XII
15 U.S.C. § 1692c(a)(2)

39. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 17 and 35 through 38 as if the same were fully set forth herein.

40. Defendant sent the August 29, 2008 letter to Liliana Vitullo even though Defendant knew that she was represented by an attorney with respect to that debt.

## COUNT XIII
## 15 U.S.C. § 1692g(b)
## Against Defendant Mancini

41. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 17 and 35 through 40 as if the same were fully set forth herein.

42. On or about September 22, 2008, Defendant conducted a foreclosure sale of Liliana Vitullo's property at River Road Capon Bridge to satisfy the debt that he was attempting to collect from Vitullo.

## COUNT XIV
## Declaratory Judgment
## Against Defendant Green Tree

43. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 17 and 35 through 42 as if the same were fully set forth herein.

44. Defendant Green Tree asserts that it is the current holder of the alleged indebtedness that Defendant Mancini attempted to collect from Liliana Vitullo, and has demanded payment from her of the alleged deficiency balance resulting from the foreclosure sale.

45. A controversy exists between Defendant and Liliana Vitullo as to whether the foreclosure sale that Defendant Mancini conducted for her property was valid in light of Defendant's violation of 15 U.S.C. § 1692g(b), and she faces demands for payment of any indebtedness that may have been secured by the property to the extent that the proceeds of the foreclosure sale of the property were insufficient to pay that indebtedness.

46. A declaratory judgment is necessary to determine the validity of the foreclosure sale inasmuch as Defendant Green Tree will not bring a legal action against Liliana Vitullo for the deficiency balance from the foreclosure sale so as to enable a court to adjudicate the validity of the foreclosure sale.

WHEREFORE, Plaintiff prays for damages in the amount of $100,000.00 (one hundred thousand dollars), including actual and statutory damages, a declaration that the foreclosure sale was invalid and that Plaintiff has no liability for any indebtedness to Defendant Green Tree to the extent that it remains unpaid following the foreclosure sale, plus her reasonable attorney's fees incurred in this action, together with pre-judgment interest and the costs of this action.

LILIANA VITULLO
By Counsel


/s/Ernest P. Francis
Ernest P. Francis
VSB #27276
Attorney for Liliana C. Vitullo and Julio A. Vitullo
ERNEST P. FRANCIS, LTD.
1655 North Fort Myer Drive
Suite 700
Arlington, VA 22209
(703) 683-5696
Fax (703) 683-2785
E-mail: epfrancisltd@verizon.net

DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues herein.


/s/Ernest P. Francis
Ernest P. Francis

# EXHIBIT A

**MANCINI & ASSOCIATES**
*201A Fairview Drive*
*Monaca, PA 15061*
*Phone (724) 728-3178*
*Fax (724) 728-3179*

Daniel J. Mancini, Esq., *Licensed in PA & FL*

June 2, 2008

**SENT CERTIFIED MAIL**
**7008 0500 0001 7227 1495**

Your loan/file 1008497065

Liliana C. Vitullo
43304 Ardmore Street
Ashburn, VA 20147

*Pre-Foreclosure/Right to Cure*

Re: River Road Capon Bridge, WV 26711

Dear Liliana C. Vitullo,

    On October 4, 2006, you borrowed money and executed a Deed of Trust and Note secured by the above-referenced property. Please take notice that I represent the current holder and owner of that Promissory Note signed by you and secured by a Deed of Trust for the benefit of IndyMac Bank F.S.B. and recorded in the Office of the Clerk of the County Commission of Hampshire County, West Virginia.

    You are in default in the payments secured by said Deed of Trust.

    You have the right to cure the default with a payment in the amount of **$9,191.24**, which includes $9,092.40 in principal and interest, $ 75.00 amount in late charges, and $23.84 in Escrow advances. In order to cure default, payment in the amount of $9,191.24 must be made within ten (10) days of the receipt of this letter. Be advised, however, that the principal and interest continues to accrue at the rate of $46.69 per diem. In addition to curing your delinquent loan, you are still responsible to perform your other contractual obligations, duties and performances as called for in your promissory note and deed of trust. If you wish to payoff your loan, you must contact the proper party at the contact information provided below. Have your loan/file number on hand when you contact that representative. The proper payoff amount may include pre-payment penalties and other additional costs. Furthermore, you may be required to comply with other procedures and guidelines.

    In the event you elect not to cure the default then the holder of the note has determined to accelerate payments on the note and, if necessary, proceed to foreclosure.

    Please be advised that you have thirty (30) days after receipt of this notice to dispute the validity of this debt, or any portion thereof, otherwise the debt will assume to be valid. If you notice this office, in writing, within thirty (30) days that the debt or any portion thereof, is disputed we will obtain verification of the debt and a copy of such verification will be mailed to you. If you notify this office, in writing, and make the request within the thirty (30) day period you will be provided with the name and address of the original creditor, if not already provided and, which, as you know, is different from the current creditor.

    THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. In the event you have been discharged in bankruptcy and have not reaffirmed this debt, any provisions in the Promissory Note and the security instrument relating to deficiency may not be applicable. If your debt was discharged in bankruptcy, then the purpose of this letter is to meet requirements regarding notice prior to foreclosure. It is not intended to constitute a demand to collect the debt, but to provide you with information respecting your right to reinstatement to avoid foreclosure.

**Please be advised that you may contact the Servicer of this loan:**

**IndyMac Bank F.S.B.**
**7770 West Parmer Lane**
**Building D, 1st Floor**
**Austin, TX 78729**
**1-877-813-3863**

to attempt to work out an agreement, whereby you can avert a foreclosure on your home.

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY THAT on the 13th day of December, 2009, I will electronically file the foregoing Second Amended Complaint with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> Carol T. Stone, Esq., VSB#21142
> Virginia M. Sadler, Esq., VSB#48736
> Attorney for Daniel J. Mancini
> JORDAN COYNE & SAVITS, L.L.P.
> 10509 Judicial Drive, Suite 200
> Fairfax, VA 22030
> (703) 246-0900
> Fax (703) 591-3673
> E-mail: c.stone@jocs-law.com
> E-mail: v.sadler@jocs-law.com

I ALSO HEREBY CERTIFY THAT on the 13th day of December, 2009, because the Defendant Green Tree Servicing, LLC, has been served but has not yet appeared in the case, I mailed a copy of the foregoing Second Amended Complaint first class postage prepaid and addressed to its registered agent CT Corporation System, at 4701 Cox Road, Suite 301, Glen Allen, VA 23030.

> /s/Ernest P. Francis
> Ernest P. Francis, VSB No. 27276
> epfrancisltd@verizon.net
> Attorney for Liliana Vitullo
> ERNEST P. FRANCIS, LTD.
> 1655 North Fort Myer Drive, Suite 700
> Arlington, VA 22209
> Telephone (703) 683-5696
> Facsimile (703) 683-2785