FILED
FEB - 3 2010
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| LILIANA C. VITULLO, *et al.*, </br> Plaintiffs, </br> </br> v. </br> </br> DANIEL J. MANCINI, d/b/a Mancini </br> & Associates, *et al.*, </br> Defendants. | ) </br> ) </br> ) </br> ) No. 1:09cv614 </br> ) </br> ) </br> ) </br> ) </br> ) |

## MEMORANDUM OPINION

At issue on a threshold dismissal motion is the question—unresolved in this circuit—whether the Fair Debt Collection Practices Act ("FDCPA")[1] allows for injunctive and declaratory relief that has the effect of cancelling or extinguishing a debt as a remedy for violations of the Act. For the reasons stated, such relief is not available to private litigants suing for FDCPA violations, and hence the motion to dismiss must be granted.

### I.

Plaintiffs Liliana and Julio Vitullo are residents of Virginia. According to the second amended complaint, at the time of the debt collection activities in issue, Liliana Vitullo, but not Julio Vitullo, was the owner of a property located on River Road in Capon Bridge, West Virginia. On October 4, 2006, Liliana Vitullo signed a deed of trust and note secured by the Capon Bridge property. Julio Vitullo signed neither the deed of trust nor the note. The second amended complaint alleges that the current noteholder is defendant Green Tree Servicing, LLC ("Green Tree"), a Delaware limited liability company with its principal place of business in

---

[1] 15 U.S.C. §§ 1692-1692p (2006).

-1-

Minnesota.

Defendant Daniel J. Mancini is an attorney who maintains a law firm named Mancini & Associates in Pennsylvania. On June 2, 2008, Mancini sent a letter to Liliana Vitullo entitled "Pre-Foreclosure/Right to Cure." Specifically, the letter stated that Liliana Vitullo was in default on the loan secured by the Capon Bridge property under a deed of trust, and that she had the right to cure the default by paying $9,191.24. On June 16, 2008, Mancini sent an identical letter to Julio Vitullo.[2] In response to Mancini's letters, Liliana Vitullo (i) notified Mancini in writing that she disputed the debt, and (ii) requested from Mancini the name and address of the original creditor. Thereafter in August 2008, Mancini sent Liliana Vitullo a notice of acceleration and intent to foreclose and sell the Capon Bridge property at public auction on September 22, 2008, unless default was cured. As the default was not cured, Mancini foreclosed on the Capon Bridge property on September 22, 2008. Although the foreclosure sale of the property extinguished the deed of trust, the note and a deficiency, which Green Tree allegedly holds, remain in effect because the foreclosure sale price was insufficient to satisfy the outstanding debt.

In the second amended complaint, plaintiffs allege various FDCPA violations against Mancini in thirteen separate Counts, some of which were dismissed on Mancini's motion pursuant to Rule 12(b)(6), Fed. R. Civ. P. *See Vitullo v. Mancini*, --- F. Supp. 2d ----, 1:09cv614 (E.D. Va. Jan. 26, 2010) (Mem. Op.). Although not subject to the motion at bar, Count XIII, solely against Mancini, is nonetheless pertinent. This Count, which was not addressed in Mancini's dismissal motion, alleges that Mancini violated 15 U.S.C. § 1692g(b) in conducting

---

[2] Although the letter is addressed to "Alejandro Vitullo," this plaintiff apparently also uses the name "Julio Vitullo," and the action is styled accordingly.

the September 22, 2008 foreclosure. Section 1692g(b) states that where, as here, a debtor disputes the debt in writing and requests the name and address of the original creditor, "the debt collector shall cease collection of the debt, or any disputed portion thereof." 15 U.S.C. § 1692g(b).

In Count XIV of the second amended complaint, the Count here at issue, Liliana Vitullo seeks a declaratory judgment against Green Tree. Specifically, Liliana Vitullo argues that because Green Tree has demanded payment of the deficiency on the note, and because Mancini's foreclosure and sale of the Capon Bridge property violated § 1692g(b), a declaratory judgment is necessary to prevent Green Tree from instituting an action to collect the deficiency she owes. *See* Sec. Am. Compl. ¶ 46. Accordingly, the second amended complaint requests "a declaration that the foreclosure sale was invalid and that Plaintiff has no liability for any indebtedness to Defendant Green Tree to the extent that it remains unpaid following the foreclosure sale." *Id.* at 9.[3] Such relief would cancel or extinguish the debt deficiency Liliana Vitullo currently owes to

---

[3] It is worth noting that Green Tree in its briefs disputes the facts pled in the second amended complaint. Specifically, Green Tree contends that there is not a single note and deed of trust secured by the Capon Bridge property; rather, there are two notes and two deeds of trust on the Capon Bridge property. Mancini, it appears, foreclosed on the property pursuant to the first deed of trust, thereby likely extinguishing the second, subordinated deed of trust securing the second note. Yet, because the sale price of the Capon Bridge property at foreclosure was insufficient to satisfy the first note, the foreclosure created a deficiency on the first note, and it is this deficiency that is the subject of Count XIV. Although the second deed of trust was likely extinguished at foreclosure, the debt under the second note remains. Green Tree asserts that it has no affiliation with the first deed of trust or note, and that it has simply provided debt servicing on the second note since August 2009, which, because the security interest has been extinguished, must proceed against Liliana Vitullo in her personal capacity. Under these facts, Green Tree may not be a proper defendant in the declaratory judgment Count. Yet, for purposes of considering this motion to dismiss, the facts pled in the second amended complaint must be accepted as true, and therefore the facts presented by Green Tree in its briefs are not a basis for dismissal here. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (discussing "the tenet that a court must accept as true all of the allegations contained in a complaint" on a motion to dismiss

Green Tree.

The parties, by counsel, fully briefed and argued the matter on January 29, 2010, at which time the motion was resolved by a ruling from the Bench. *See Vitullo v. Mancini*, 1:09cv614 (E.D. Va. Jan. 29, 2010) (Order). This Memorandum Opinion memorializes and further elucidates the bench ruling granting Green Tree's motion.

## II.

Green Tree argues that Count XIV of the second amended complaint must be dismissed because neither injunctive nor declaratory relief is available to private litigants suing for FDCPA violations. Whether such relief is available is a question that has not been addressed by the Fourth Circuit.

In analyzing this question of statutory interpretation, it is appropriate to begin, as always, with the text of the statute. *Tidewater Fin. Co. v. Williams*, 498 F.3d 249, 254 (4th Cir. 2007) (citing *Limtiaco v. Camacho*, 549 U.S. 483 (2007)). Two statutory provisions are pertinent here. First, 15 U.S.C. § 1692k creates a civil action for violations of the FDCPA and imposes civil damages liability on debt collectors who fail to comply with the FDCPA's prohibitions:

> (a) Amount of damages
> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—
> (1) any actual damage sustained by such person as a result of such failure;
> (2)
> > (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000;
> . . .
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as

---

pursuant to Rule 12(b)(6), Fed. R. Civ. P.).

determined by the court.

15 U.S.C. § 1692k(a). Additionally, a separate subsection of the FDCPA, 15 U.S.C. § 1692*l*(a), tasks the Federal Trade Commission ("FTC") with the administrative enforcement of the statute's prohibitions:

> Compliance with this subchapter shall be enforced by the Commission . . . . All of the functions and powers of the Commission under the Federal Trade Commission Act are available to the Commission to enforce compliance by any person with this subchapter . . . .

*Id.* § 1692*l*(a). The "functions and powers" referenced in this section include equitable relief under the express terms of the Federal Trade Commission Act ("FTCA"). *See id.* § 53 (authorizing FTC to enjoin dissemination of false advertisements and to seek temporary restraining orders and preliminary injunctions enforcing the FTCA). Notably, the FDCPA is silent as to whether private litigants may seek injunctive and declaratory relief that has the effect of cancelling or extinguishing a debt.

Given this, it is appropriate to "draw inferences concerning the [statute's] meaning from its composition and structure."[4] With respect to the availability of *injunctive* relief, it is well-settled that "[a]bsent the clearest command to the contrary from Congress, federal courts retain their equitable power to issue injunctions in suits over which they have jurisdiction." *Califano v. Yamasaki*, 442 U.S. 682, 705 (1979). Nonetheless, it is equally well-settled that "where Congress has made its intent clear [to restrict the equitable powers of the federal courts], the court must give effect to that intent." *Miller v. French*, 530 U.S. 327, 336 (2000) (internal

---

[4] 2A *Sutherland Statutes and Statutory Construction* § 47:23 (Norman J. Singer & J.D. Shambie Singer, eds.; 7th ed. 2007); *see also United States v. Wilson*, 133 F.3d 251, 260 (4th Cir. 1997) ("We thus begin our analysis by looking at the language of [the statute there in issue], as well as its place in the larger statutory structure.").

citations omitted). This intent may be clearly evidenced by the structure of the statute. Specifically, where Congress affirmatively grants a particular power to an agency to the exclusion of others, including private litigants, the strong implication is that Congress's exclusion was purposeful.[5] For example, under the Fair Credit Reporting Act ("FCRA"), a statute similar to the FDCPA, courts have found that "[w]hile the FCRA does not expressly prohibit injunctive relief, Congress's failure to include injunctive relief as a potential remedy, combined with Congress's express delegation of enforcement of the FCRA to the FTC, clearly indicates that Congress did not intend injunctive relief as a remedy." *Bumgardner v. Lite Cellular*, 996 F. Supp. 525, 526-27 (E.D. Va. 1998); *see also Washington v. CSC Credit Servs.*, 199 F.3d 263, 268 (5th Cir. 2000).

These principles, applied to the FDCPA, point persuasively to the conclusion that Congress did not intend to allow private litigants to seek injunctive relief under § 1692k. In expressly authorizing the FTC to seek injunctive relief under § 1692*l*(a), while electing not to provide the same relief to private litigants in § 1692k, Congress has clearly indicated through the statutory structure that injunctive relief is an FDCPA remedy exclusive to the FTC. *See Weiss v. Regal Collections*, 385 F.3d 337 (3rd Cir. 2004) ("Most courts have found equitable relief unavailable under the [FDCPA], at least with respect to private actions." (citations omitted)). Accordingly, Liliana Vitullo is not entitled to an injunction invalidating the foreclosure of the

---

[5] *See Physicians Comm. for Responsible Med. v. Gen. Mills, Inc.*, 283 F. App'x 139, 143-44 (4th Cir. 2008) (holding, with respect to "the bifurcated remedy scheme of the [Virginia Consumer Protection Act], whereby individuals may sue for damages under § 59.1-204 and government officials may sue for injunctions under § 59.1-203," that "[i]t is apparent from this statutory structure that damage suits under § 59.1-204 are the private remedy authorized by the VCPA, and that no corresponding cause of action for private suits exists under § 59.1-203.").

Capon Bridge property or barring Green Tree from collecting the deficiency owed.

The same conclusion must be reached with respect to Liliana Vitullo's request for *declaratory* relief cancelling or extinguishing her debt to Green Tree,[6] albeit on different grounds.[7] To begin with, it is clear that "[t]he plain language of 15 U.S.C.S. § 1692g(b)," the statutory provision at issue in this case, "does not extinguish a debt collector's right to secure a debt under state law, but instead merely prohibits deceptive collection techniques."[8] This

---

[6] It is worth noting that the declaratory relief sought by Liliana Vitullo—namely, cancelling or extinguishing the debt owed to Green Tree—has injunctive effect in that it prevents Green Tree from collecting the debt. *See Sparkman v. Zwicker & Assocs., P.C.*, 374 F. Supp. 2d 293, 298 n.2 (E.D.N.Y. 2005) ("[T]he 'declaratory relief' sought in this [FDCPA] case, an order requiring defendant to make corrective disclosures, is really injunctive in nature. That plaintiff labels the requested relief as declaratory relief does not make it so.").

[7] Green Tree cites *Weiss v. Regal Collections*, 385 F.3d 337, 341 (3rd Cir. 2004), for the proposition that declaratory relief is not available in private actions under the FDCPA because the power to seek such relief had been exclusively vested in the FTC. In reaching this conclusion, the Third Circuit adopted an expansive reading of the FTC's powers under the Federal Trade Commission Act ("FTCA") and concluded that because the FTC was expressly authorized to seek injunctive relief, and private litigants were not, this indication of congressional intent also applied to the availability of declaratory relief. Put simply, the Third Circuit did not distinguish between injunctive and declaratory relief, a distinction other courts have made under the FDCPA. *See, e.g., Sparkman*, 374 F. Supp. 2d at 298 & n.2; *Talbott v. GC Servs. Ltd. P'ship*, 191 F.R.D. 99, 106 & n.10 (W.D. Va. 2000). This distinction finds support in the statutory text. Although the FTCA expressly empowers the FTC to seek temporary restraining orders and preliminary injunctions under 15 U.S.C. § 53, the FTCA does not expressly authorize the FTC to seek declaratory judgments in any section of the FTCA. Thus, the difference between § 1692k(a) and § 1692*l*(a) does not evidence Congress's intent to make declaratory relief under the FDCPA a remedy exclusively within the FTC's purview. Yet, as discussed in the text *infra*, other factors lead to the conclusion that the FDCPA does not permit declaratory relief that has the effect of cancelling or extinguishing a debt.

[8] *Shimek v. Forbes*, 374 F.3d 1011, 1013 (11th Cir. 2004), *cited with approval in Maynard v. Bryan W. Cannon, P.C.*, 650 F. Supp. 2d 1138 (D. Utah 2008), *and Taylor v. Heath W. Williams, L.L.C.*, 510 F. Supp. 2d 1206 (N.D. Ga. 2007); *see also Crawford v. Equifax Payment Servs.*, 97C4240, 1998 U.S. Dist. LEXIS 14095, at *27 (N.D. Ill. Sept. 1, 1998) (Pallmeyer, M.J.) ("A successful FDCPA claim does not extinguish the debtor's obligation to pay . . . .").

interpretation of the FDCPA is consistent with the statute's stated purpose to "eliminate abusive debt collection practices" by imposing substantial monetary sanctions on debt collectors who use "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). Notably, the statute provides for the award of "actual damages" and, if warranted, statutory damages not to exceed $1,000, thereby ensuring that a debt collector who engages in abusive, deceptive, or unfair debt collection practices both (i) compensates the aggrieved debtor for any actual loss, and (ii) suffers an additional statutory penalty, where appropriate.[9] The statute's remedial scheme does not envision, and indeed does not permit, courts to cancel or extinguish debts as a remedy for FDCPA violations. This conclusion finds support in Professor Sutherland's treatise on statutory construction:

> A statute which provides that a thing shall be done in a certain way carries with it an implied prohibition against doing that thing in any other way. *Thus, the method prescribed in a statute for enforcing the rights provided in it is likewise presumed to be exclusive.* For example, when there is a limited form of recoupment included in a statute, all other forms of recoupment must be deemed to have been excluded. . . . Legislative prescription of a specified sanction for noncompliance with statutory requirements has been held to exclude the application of other sanctions.

2A *Sutherland Statutes and Statutory Construction* § 47:23 (emphasis added); *accord Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 331 (4th Cir. 2006) ("To be sure, injunctive and declaratory relief are equitable remedies. But if the Rule's drafters had intended [Rule 23, Fed.

---

[9] *See* 15 U.S.C. § 1692k(a) (setting forth damages scheme); *id.* § 1692k(b) (instructing courts, in awarding damages, to consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional").

R. Civ. P.,] to extend to all forms of equitable relief, the text of the Rule would say so.").[10]

From these principles, it clearly follows that the FDCPA focuses sharply on prohibiting harassing, misleading and fraudulent, and unfair debt collection practices—such as threatening to use violence or depositing a postdated check prior to the date on such check[11]—and protects debtors by providing a cause of action against debt collectors for damages. Nothing in the FDCPA suggests, explicitly or implicitly, that debtors might seek declaratory judgments cancelling or extinguishing accrued debts, in lieu of damages, for FDCPA violations, particularly not where, as here, the creditor to whom the debt is owed has not committed an FDCPA violation. Thus, were Green Tree to file an action to collect the deficiency, Liliana Vitullo would not be able to defend against this action by using the FDCPA to cancel or extinguish her deficiency, even assuming Green Tree had violated the FDCPA.[12] Instead, her sole remedy, as provided by the statute, is the recovery of any actual damages she suffered and, if appropriate, additional statutory damages. A contrary conclusion would require a finding that the FDCPA preempts state foreclosure statutes, a result that has previously been rejected as incorrect in

---

[10] This rule of statutory interpretation is embodied in the Latin maxim *expressio unius est exclusio alterius*, meaning "the expression of one thing is the exclusion of the other." *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 162, 168 (1993) (citing maxim *expressio unius est exclusio alterius* in excluding § 1983 civil actions from scope of Rule 9(b), Fed. R. Civ. P., heightened pleading requirement).

[11] *See, e.g.,* 15 U.S.C. § 1692d (enumerating examples of harassment and abuse); *id.* § 1692e (describing false and misleading representations); *id.* § 1692f (listing unfair practices).

[12] Worth noting here is that plaintiffs allege FDCPA violations only against Mancini, not Green Tree. Count XIV is based on Mancini's alleged FDCPA violation, not any violation committed by Green Tree.

resolving Mancini's dismissal motion.[13] As such, Liliana Vitullo's argument that cancellation of the debt is the only relief that will ensure that she "suffer[s] no harm from the unlawful foreclosure" fails, as the damages remedy expressly provided in § 1692k(a) fully and adequately redresses any harm suffered. Accordingly, because the FDCPA's stated purpose and remedial scheme plainly do not contemplate canceling or extinguishing valid debts as a remedy for FDCPA violations, Liliana Vitullo may not seek declaratory relief cancelling or extinguishing her debt here.

In response, Liliana Vitullo makes two arguments, neither of which has merit. First, she cites an unpublished decision from this district for the proposition that declaratory relief is available to private litigants under the FDCPA. *See Karnette v. Wolpoff & Abramson, L.L.P.*, 3:06cv44, 2007 U.S. Dist. LEXIS 20794, at *32 (E.D. Va. Mar. 23, 2007). Yet, far from reaching or deciding whether a declaration cancelling or extinguishing a valid debt is available to private litigants under the FDCPA, the decision merely notes, as a factual matter, that "numerous

---

[13] *See Vitullo v. Mancini*, --- F. Supp. 2d ----, 1:09cv614, at 15 (E.D. Va. Jan. 26, 2010) (Mem. Op.) (citing *Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1210-11 (D. Or. 2002), for the proposition that "a creditor's 'pursuit of legal remedies, such as non-judicial foreclosure statutes, does not violate the cease communications rule of the FDCPA,'" and holding that "the FDCPA does not prohibit debt collectors from foreclosing on debtors' properties pursuant to state law"); *see also Shimek v. Forbes*, 374 F.3d 1011, 1013 (11th Cir. 2004) ("Both Shimek and this Court have failed to identify any provision of the FDCPA which preempts lien rights afforded to debt collectors under state law."); *United States v. Scarboro*, 352 F. Supp. 2d 714, 717 (E.D. Va. 2005) (citing *United States v. Timilty*, 148 F.3d 1, 3-4 (1st Cir. 1998), as holding that the FDCPA does not preempt state debt collection statutes). Indeed, the FDCPA expressly states that the statute "does not annul, alter, or affect, or exempt any person subject to the provisions of this title from complying with the laws of any State with respect to debt collection practices" unless "those laws are inconsistent with any provision of this title, and then only to the extent of the inconsistency." 15 U.S.C. § 1692n. In this case, debt collectors' conducting foreclosures pursuant to state law is not inconsistent with the FDCPA's purpose of prohibiting abusive, unfair, and deceptive debt collection practices.

FDCPA class actions seeking declaratory relief have been certified pursuant to Rule 23(b)(2)." *Id.* Simply put, this decision neither addresses whether the FDCPA permits private litigants to seek declarations cancelling or extinguish a debt, nor does it hold that the statute authorizes such relief. Accordingly, the *Karnette* case cannot do the work of supporting Liliana Vitullo's contention.

Second, Liliana Vitullo, by counsel in the course of the January 29, 2009 hearing, argued that declaratory relief cancelling or extinguishing a debt should be available under the FDCPA where, as here, the deficiency on the note at issue would not have existed but for a third-party's—*i.e.*, Mancini's—foreclosure in violation of the FDCPA. To begin with, the FDCPA makes no distinctions based on the identity of the party conducting the foreclosure, and thus Liliana Vitullo's argument is supported by neither the language nor the structure of the statute. Moreover, allowing Liliana Vitullo to extinguish her debt to Green Tree would, in practice, penalize Green Tree for Mancini's alleged FDCPA violations, even though Green Tree committed no FDCPA violation. Congress, in passing the FDCPA, surely did not envision this absurd result, which in no way furthers the FDCPA's stated purpose to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e); *see also Yi v. Fed. Bureau of Prisons*, 412 F.3d 526, 533 (4th Cir. 2005) (rejecting petitioner's interpretation of 18 U.S.C. § 3624 because it advanced an "absurd result" clearly not intended by Congress). To the contrary, accepting Liliana Vitullo's argument and penalizing Green Tree would instead contravene the FDCPA's purpose of "insur[ing] that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. §1692(e).

## III.

In sum, the FDCPA does not permit private litigants to seek injunctive or declaratory relief that has the effect of cancelling or extinguishing a debt in suing for violations of the Act. Instead, these litigants are limited to the damages remedy provided in 15 U.S.C. § 1692k(a) because: (i) the FDCPA's structure—namely the difference in remedies expressly provided in § 1692k(a) and § 1692*l*(a)—implies that only the FTC is permitted to seek injunctive relief under the FDCPA; and (ii) nothing in the FDCPA suggests that a debtor may seek a declaratory judgment under the FDCPA cancelling or extinguishing a debt, in lieu of damages. Accordingly, Green Tree's threshold motion to dismiss must be granted.[14]

An appropriate Order has issued.

Alexandria, Virginia
February 3, 2010

/s/
T. S. Ellis, III
United States District Judge

---

[14] Given this conclusion, it is not necessary to reach or decide Green Tree's motion to dismiss pursuant to Rule 12(b)(7), Fed. R. Civ. P.